## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                    |   |                          |
|------------------------------------|---|--------------------------|
|                                    | * |                          |
| **JONATHAN LUIS BADILLO,**         | * |                          |
| **Plaintiff**                      | * |                          |
| **v.**                             | * | **CIVIL NO.  JKB-15-0707** |
| **FRIENDS TRUCKING INC., et al.**  | * |                          |
| **Defendants**                     | * |                          |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM AND ORDER

Now pending before the Court is the Defendants' MOTION FOR RELIEF FROM FULL JUDGMENT AMOUNT (ECF No. 24).  The Plaintiff has responded (ECF No. 25), and the Defendants have replied (ECF No. 26).

This case was closed nine months ago when the Court entered judgment in favor of the Plaintiff in the total amount of $66,013.00.  (ECF No. 23.)  Now the Defendants have moved the Court, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, asking that the amount of the Judgment be reduced on "equitable" grounds.  (Defs.' Mot. for Relief.)  Specifically, Rule 60(b)(6) authorizes the Court to relieve a party from a final judgment for "any other reason that justifies relief."  Relief in this "catch all" category is exceedingly rare, *see In Re: Guidant Corp. Implantable Defibrilators Prod. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007), and rests on a highly fact-intensive balancing of finality and doing justice, *see West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).  Although relief under this provision is extremely rare, there is some authority for the proposition that the provision is applicable in circumstances where a defaulted client seeks relief from judgment on the basis of extremely gross negligence of, or

abandonment by, counsel.  *See Books v. Yates*, 818 F.3d 532, 534 (9th Cir. 2016); *but see Moje v. Federal Hockey League, LLC,* 792 F.3d 756, 758 (7th Cir. 2015) (indicating an abandoned client is still responsible for his own conduct).

The Defendants have submitted an Affidavit in support of their request for relief.  (ECF No. 24-3.)  The Plaintiff has submitted a Declaration as well.  (Garcia Decl., ECF No. 25-2.)  After careful review of the entire record in this case and with specific attention to the respective Affidavit and Declaration, the Court cannot conclude that equity requires the vacation or amendment of the order entering judgment.  The Court is persuaded that the Defendants were given ample opportunity to address the merits of this litigation before default was entered against them.  Language barriers and other communication difficulties may have caused some confusion on the defense side, but the Court is satisfied, particularly after carefully reviewing Mr. Garcia's Declaration, that the Defendants were well aware of the risks associated with not responding to the lawsuit.  Further, the Defendants were aware that the lawyer who had been advising them, although she filed one motion in the case, was not actively representing their interests in the litigation.  The Defendants did not act when they should have.  If they were neglected or abandoned by their attorney (which the Court expressly does not so find at this time), they had ample notice of that circumstance well before default ever entered, and within time to react appropriately.  The Defendants ignored or turned a blind eye to a deteriorating situation.  This circumstance leaves them with less than the clean hands they must have when seeking equitable relief, and any request for relief under Rule 60(b)(6) is just that: a request for equitable relief.

Further, finality is an important interest here.  This case was resolved many months ago through entry of the judgment.  Plaintiff has moved on, engaging a collections firm and seeking assets.  (Garcia Decl. ¶ 26.)  Apparently, upon the discovery of an asset that might satisfy the

judgment, the Plaintiff finally got the Defendants' attention and motivated them to join the litigation.  (Pl.'s Opp. to Mot. for Relief 2, 6; *see also* Yanez Aff. ¶ 8.)  But it is too late.  Rolling back or modifying the judgment at this point is unjustified given all of the preceding circumstances.

The Defendants' Motion (ECF No. 24) is DENIED.

DATED this 9th day of January, 2017.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge